IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSHUA LOPEZ, and YOUNG YIL JO, | ) ) ) | 8:13CV207 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| SIX UNKNOWN NAMES AGENTS, of Mr. President of the United States Barack Obama, | ) ) ) ) | |
| Defendant. | ) | |

On June 24, 2013, Plaintiff Young Yil Jo ("Jo") filed a document on behalf of himself and Joshua Lopez titled, "Under 42 USC 1983 a Civil Rights Action" against "Six Unknown Names Agents or Mr. President of the United States Barack Obama." (Filing No. 1 at CM/ECF p. 1.) Jo is a prisoner in federal custody at the United States Immigration and Customs Enforcement Processing Center in El Paso, Texas. (*Id*. at CM/ECF p. 4.) Jo has signed the Complaint; Lopez has not. (*Id*. at CM/ECF pp. 1-4.)

Jo is an experienced pro se litigant with an extensive history of abusive filings in multiple federal district courts. The court has reviewed the United States Case/Party Index and notes that, to date, Plaintiff has filed more than 400 federal civil lawsuits in 34 federal district courts. He has been barred from proceeding IFP by 28 U.S.C. § 1915(g) because he has three or more strikes, and he has been informed of this fact numerous times. *See*, *e.g.*, *Joe v. Bush*, No. 1:2004-cv-3830 (N.D. Ill. June 14, 2004); *Joe v. Bush*, No. 1:2004-cv-8065 (N.D. Ill. Feb. 7, 2005); *Bustamante v. Six Unknown Names Agents*, No. 1:09-cv-7154 (N.D. Ill. Nov. 17, 2009); and *Gutierrez-Arias v. Six Unknown Agents, et al.*, No. 3:10-cv-105 (N.D. Ind. April 23, 2010).

Moreover, Jo has been barred from filing any further lawsuits in the Western District of Texas (*see Zapata-Lara v. Six Unknown Names Agents*, No. 1:10-cv-88 (W.D. Tex. Mar. 19, 2010)), the Northern District of Illinois (*see In re Young Yil Jo*, No. 1:10-cv-390 (N.D. Ill. Jan. 20, 2010)), the Northern District of Indiana (*see Gutierrez-Arias v. Six Unknown Names Agents*, No. 3:10-cv-105 (N.D. Ind. April 23, 2010)), and the Northern District of Texas (*see Jo v. Six Unknown Names Agents*, No. 1:10-cv-131 (N.D. Tex. June 24, 2010)). In addition, both the Western and Northern Districts of Texas have imposed monetary sanctions against Plaintiff due to his abuse of the court's resources. *See Montoya v. Six Unknown Names Agents*, No. 4:10-cv-27 (W.D. Tex. April 27, 2010); *Jo v. Six Unknown Names Agents*, No. 3:13-cv-2432 (N.D. Tex. July 3, 2013).

In this court, Plaintiff has filed 10 similar rambling, incoherent, and baseless cases in his own name and in the names of others. *See Jo v. Six Unknown Names Agents*, Case No. 8:12CV333 (D. Neb. Sept. 10, 2012); *Jo v. Six Unknown Names Agents*, Case No. 8:12CV415 (D. Neb. Dec. 3, 2012); *Jo v. Obama*, No. Case 8:12CV442 (D. Neb. Dec. 26, 2012); *Jo v. Six Unknown Names Agents*, Case No. 8:13CV30 (D. Neb. Jan. 22, 2013); *Jo v. Six Unknown Names Agents*, Case No. 8:13CV36 (D. Neb. Jan. 25, 2013); *Jo v. Six Unknown Names Agents*, No. 8:13CV48 (D. Neb. Feb. 11, 2013); *Lopez v. Six Unknown Names Agents*, No. 8:13CV176 (D. Neb. May 31, 2013); *Lopez v. Six Unknown Names Agents*, Case No. 8:13CV207 (D. Neb. June 24, 2013); *Cho v. Six Unknown Names Agents*, Case No. 8:13CV209 (D. Neb. July 5, 2013) and *Jo v. Six Unknown Names Agents*, Case No. 8:13CV219 (D. Neb. July 22, 2013). In light of these filings, the court recently imposed restrictions on Jo's ability to file documents in this court. (Case No. 8:13CV219, Filing No. 5.) In doing so, the court stated that:

> [T]o prevent further abuse of this court's resources, [Jo] will no longer be permitted to file a complaint without paying the filing fee without first seeking leave to do so. If [Jo] proposes to file a complaint without paying the filing fee (i.e., it appears he intends to proceed IFP), but the

complaint does not show on its face that [Jo] is under imminent danger of serious physical injury, the court will direct the clerk's office to return the proposed complaint to [Jo] without filing it, as set forth below. *See id.* ("In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). In addition, the clerk's office will be directed to accept no further filings from [Jo] in this matter except for a notice of appeal. *See also In re McDonald*, 489 U.S. 180, 185 n.8 (1989) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

(Case No. 8:13CV219, Filing No. 5 at CM/ECF p. 5.)

In short, Jo has not paid the filing fee for this case, or any other case filed in this court and, as set forth above, he is barred from proceeding IFP because he has three or more strikes under the provisions of 28 U.S.C. § 1915(g). Jo's conduct is a drain on the court's judicial resources. With this in mind, Jo's claims will be dismissed with prejudice because Jo has not paid the filing fee and his claims are frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2) (the court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief).

With regard to Lopez's claims, they must be dismissed because he has not signed the Complaint in this matter and because Jo cannot represent him.[1] Indeed,

---

[1] A non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)

Federal Rule of Civil Procedure 11 states that "[e]very pleading . . . must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* The Clerk of the court called Lopez's signature deficiency to his attention on July 10, 2013. (Filing No. 2.) Lopez failed to correct this deficiency. (*See* Docket Sheet.)

IT IS THEREFORE ORDERED that:

1. Jo's claims are dismissed with prejudice because he did not pay the filing fee and his claims are frivolous and malicious.

2. Lopez's claims are dismissed without prejudice.

3. The clerk's office is directed to accept no further filings from Jo in this matter except for a notice of appeal. If Jo seeks to appeal this dismissal, his notice of appeal must be accompanied by an appellate filing fee in the amount of $455.00. Plaintiff will not be permitted to appeal in forma pauperis.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

5. **Plaintiff is WARNED the continued submission of frivolous pleadings and lawsuits in this district will result in the imposition of monetary sanctions.**

---

(concluding a non-attorney pro se party may not represent another's interests).

DATED this 31st day of July, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.